UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
MAY 20 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 04-249-GWU

DONNA KEATHLEY,                      PLAINTIFF,

VS:        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,       DEFENDANT,

## INTRODUCTION

Donna Keathley brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Keathley, a 37 year-old former cook and waitress with a "limited" education, suffered from impairments related to chronic obstructive pulmonary disease, back pathology and depression. (Tr. 15-16). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20-21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19-20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Julie Morrissey included an exertional restriction to light level work along with such non-

5

exertional limitations as (1) an inability to stand or walk for more than four to six hours out of an eight-hour day; (2) an inability to stand or walk for more than six hours out of an eight-hour day; (3) an inability to more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; (4) an inability to ever climb ladders or scaffolds; (5) a need to avoid concentrated exposure to fumes, odors, dust, and poor ventilation; (6) functional illiteracy; and (7) a "moderate" restriction of ability to maintain attention and concentration for extended time periods, work in coordination or proximity to others without being distracted by them, completing a normal workday or workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and respond appropriately to changes in the work setting. (Tr. 419). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 420). Therefore, assuming that the vocational factors considered by Morrissey fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Keathley was found capable of performing a restricted range of light level work in an administrative decision which became final on May 29, 1997.[1] (Tr. 34-45). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).

---

[1] The Court affirmed this denial decision in August of 1999.

6

Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

Dr. Mark Burns, an examining consultant, indicated that Keathley's physical condition was within normal limits and specifically opined that she could sit, stand, move about, lift, carry, handle objects, hear, see, speak and travel. (Tr. 281). The hypothetical factors were also consistent with the limitations identified by Dr. Timothy Gregg, a non-examining medical reviewer. (Tr. 309-317). More severe physical restrictions than those found by the ALJ were not cited by such treating and examining sources as the staff at Methodist Hospital (Tr. 240-245) and Dr. Grady Stephens (Tr. 246-247). These reports provide substantial evidence to support the administrative decision.

The ALJ rejected as binding the physical restrictions identified by Dr. Ira Potter, Keathley's treating physician. (Tr. 127-129). The ALJ rejected Dr. Potter's opinion as binding because he did not believe it was supported by sufficient objective medical data. (Tr. 18). This action was appropriate. Dr. Potter cited subjective pain complaints as the basis for his limitations. (Tr. 127-129). A January, 2002 x-ray of the plaintiff's lumbar spine was normal as were x-rays of her right ankle and right knee. (Tr. 258). A CT Scan of the lumbar spine in February of 2002 revealed no abnormality. (Tr. 363). A physical examination in November of 2002 revealed no sensory or motor deficit. (Tr. 348). Range of motion was normal in the extremities. (Tr. 348). Therefore, under these circumstances, the ALJ properly rejected this opinion.

The ALJ also dealt properly with the evidence of record relating to Keathley's mental condition. The question included all of the mental restrictions found in the earlier administrative denial decision and, so, is consistent with the requirements of Drummond and Acquiescence Ruling 98-3(6). The mental factors were essentially compatible with the opinion of psychologist William Rigby, an examining consultant who noted "fair" ability to tolerate stress and pressures of work. While this limitation was not precisely given to the vocational expert, the claimant has not raised this omission as an issue. Finally, the hypothetical question was essentially consistent with the mental restrictions identified by Psychologists Jane Brake (Tr. 290-291) and Jay Athy (Tr. 318-319). These opinions provide substantial evidence to support the administrative decision.

Dr. Potter did identify more severe mental restrictions than those found by the ALJ. (Tr. 124-126). However, Dr. Potter appears to have primarily treated the plaintiff for physical complaints rather than mental ones. His opinion is outweighed and offset by those of mental health professionals such as Rigby. The administrative regulations provide that "generally, we give more weight to the opinion to a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(4). Therefore, his opinion was properly rejected as binding by the ALJ.

Kealthley's only argument is that the ALJ erred by failing to recontact Dr. Potter to seek additional information and clarification of his opinion when his opinion was deemed to be inadequate to determine whether she was disabled. The administrative regulations provide that:

We will first recontact your treating physician or psychologist or

8

> other medical source to determine whether additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based upon medically acceptable clinical or laboratory diagnostic techniques.

20 C.F.R. Section 416.912(e)(1). Thus, the plaintiff asserts that if the ALJ thought that Dr. Potter's opinion was not well-supported, he first needed to recontact the physician to seek clarification.

As noted by Keathley, case law on this issue is very sparse. In the unpublished opinion of Littlepage v. Chater, 1998 U.S. Lexis 688 (6th Cir., January 14, 1998), the Sixth Circuit Court of Appeals determined that this duty to recontact a treating source was not triggered when it was apparent from the record that all of the treatment notes and information upon which the physician's opinion had been based were of record. In the present action, Dr. Potter does not appear to have relied upon any information that was not before the ALJ. Therefore, under these circumstances, the undersigned concludes that the recontact duty was not triggered and the claimant's argument is rejected.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __18__ day of May, 2005.

G. WIX UNTHANK
SENIOR JUDGE

9